7058

### KNIGHT v. UNION MFG. & POWER CO.

MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT refused here because premature, as this Court has recently ordered the partition judgment, sought to be set up in the proposed supplemental complaint, opened and allowed the appellant herein to intervene. The Court suggests that after the present proceeding is ended, such supplemental pleading as may be necessary may be allowed.

Before WATTS, J., Union, September, 1907. Reversed.

Motion by Sara Ida Knight, *in re* Sara Ida Knight against Union Manufacturing and Power Company, for leave to file supplemental complaint. From order granting the motion, defendant appeals.

*Messrs. J. Ashby Sawyer* and *Elliott & Elliott,* for appellant, cite: *The Court erred in not permitting defendant to advise it of its rights and equities:* 33 S. C., 175; 2 Wall., 177; 2 Strob. Eq., 145; 35 S. C., 146; 39 S. C., 446; 15 S. C., 337.

*Messrs Wallace & Barron,* contra, cite: *Supplemental pleading is the way to bring subsequent occurrences into case:* 17 S. C., 128; 47 S. C., 190; 21 Ency. P. & P., 11. *This Court will not disturb order granting supplemental pleading unless there be an abuse of discretion:* 60 S. C., 135, 477; 47 S. C., 201.

November 16. 1908. The opinion of the Court was delivered by

Mr. Justice Jones. This is an appeal from the order of Judge Watts allowing plaintiff to file a supplemental complaint in this action. The plaintiff began suit against the defendant company for damages alleged to have resulted to her as the owner of an undivided fourth interest in a tract of land on Broad River, in Union county, by the erection of defendant's dam across that river. Defendant interposed as a defense that plaintiff's cotenants had granted easement to overflow said land. Pending this suit an action by the cotenants to partition said land was begun and ended without the knowledge of the defendant company. and partition was had without any regard to the alleged right of the defendant company as owner of easement to overflow a portion of said land, and the portion mainly burdened by said easement was allotted to the plaintiff. Then plaintiff moved to file supplemental complaint, setting forth the result of the partition proceedings, and this motion was resisted by defendant company, and proceedings by it were begun to open such judgment and have another partition, with due consideration of its rights.

The proper method by which to bring to the attention of the Court facts occurring after the service of the original complaint is by supplemental complaint; but inasmuch as this Court, in the case of *Ex parte Union Mfg. & Power Co., in re Sue R. Jeter and Mary A. Jeter,* against *Sara Ida Knight,* just filed, has decided to open said judgment in partition and allow the defendant company to intervene, so as to protect as far as practicable its rights as grantee of an easement by two of the cotenants, we deem it proper to set aside the order allowing the supplemental complaint as premature until the final determination of the partition proceedings, at which time such supplemental proceedings as may be necessary in this case may be allowed.

The order appealed from is, therefore, set aside.